IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| UNITED STATES OF AMERICA | § | |
|---|---|---|
| | § | |
| VS. | § | CRIMINAL NO. G-14-12 (3) |
| | § | |
| DANIEL REYNA | § | |

### ORDER OF DETENTION PENDING TRIAL

On July 18, 2014, this Court conducted a Hearing on the Government's Motion to Detain **Daniel Reyna**, a named Defendant in the above-styled and numbered cause. The Government appeared by attorney and announced ready; the Defendant appeared in person and by court-appointed counsel and announced ready. The Government offered the testimony of James Emmerson, a member of the Drug Enforcement Administration Task Force; the Defendant proffered evidence in support of his request for release. The Court also made the Pretrial Services report, which recommended detention, a part of the record for purposes of the Detention Hearing only. Having now considered the evidence, this Court makes the following findings of fact and conclusions of law:

1. That pursuant to the Indictment there is probable cause to believe that **Daniel Reyna** has committed a drug offense with a maximum penalty of ten years or more confinement, see 18 U.S.C. § 841, see also United States v. Trosper, 809 F.2d 1107, 1110 (5th Cir. 1987);

2. That by virtue of the foregoing finding a rebuttable presumption was created in favor of **Reyna's** detention, 18 U.S.C. § 3142(e);

3. That the strength of the Government's case is substantial given wire-tap recordings of calls between **Reyna** and Defendant Hinojosa concerning 4 to 5 methamphetamine transactions during the last several days of November 2013; local confidential informants' corroboration of his "street level" drug dealing; and recovery of 2 bags of methamphetamine, 8 weapons, including 2 machinegun-type weapons and a "lot" of ammunition at the time of **Reyna's** arrest;

4. That prior to his arrest in this case, **Reyna** had been convicted of felony possession of a controlled substance, aggravated robbery and terroristic threats and sentenced to concurrent 2-year terms of imprisonment on October 6, 2006;

5. That by virtue of **Reyna's** prior drug conviction it is reasonable to predict that his drug trafficking activities would continue if he were to be released on bond, <u>United States v. Salerno</u>, 481 U.S. 739 (1987);

6. That **Reyna's** proffered evidence, while indicative of a low risk of flight, failed to rebut the presumption of detention created by the criminal activities alleged against him in this case and his prior felony prior convictions;

7. That by virtue of the foregoing findings, **Reyna** would constitute a danger to the community if released;

8. That the credible evidence and information submitted establishes by clear and convincing evidence that there is no condition or combination of conditions which could be imposed upon **Reyna** by this Court to reasonably assure the safety of the community if he were released.

It is, therefore, **ORDERED** that **Daniel Reyna** be, and he is hereby, **COMMITTED** to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

It is further **ORDERED** that **Daniel Reyna SHALL** be afforded a reasonable opportunity for private consultation with defense counsel.

It is further **ORDERED** that upon Order of a Court of the United States or upon request of an attorney for the Government, the person in charge of the corrections facility **SHALL** deliver **Daniel Reyna** to the United States Marshal for the purpose of an appearance in connection with a Court proceeding.

**DONE** at Houston, Texas, this \_\_\_\_\_22nd\_\_\_\_\_ day of July, 2014.

_____
John R. Froeschner
United States Magistrate Judge